UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 24 CR 37 |
| v. | ) | |
| | ) | Judge Matthew F. Kennelly |
| MOHAMED WORKU | ) | |

**<u>PRELIMINARY ORDER OF FORFEITURE</u>**

The United States asks this Court to issue a preliminary order of forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Federal Rules of Criminal Procedure 32.2.

(a) On January 30, 2024, an indictment was returned charging defendant MOHAMED WORKU with two counts of bank robbery in violation of Title 18, United States Code, Sections 2113(a) and (b).

(b) The indictment included allegations that specific property is subject to forfeiture, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

(c) Beginning on November 12, 2024, a jury trial was held before this Court.

(d) On November 14, 2024, the jury returned a guilty verdict against defendant on both counts of the indictment, thereby making the property subject to forfeiture, pursuant Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

(e) Defendant MOHAMED WORKU waived his right to have the forfeiture allegations in the indictment considered by the jury. It was agreed instead this Court would consider the issues relating to the forfeiture.

(f) Because of the defendant's conviction of violations of Title 18, United States Code, Sections 2113(a) and (b) as charged in Counts One and Two of the indictment, the foregoing funds are subject to forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) which provides, in part:

> 981(a)(1) The following property is subject to forfeiture to the United States:
>
> (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting "specified unlawful activity" (as defined in section 1957(c)(7) of this title), or a conspiracy to commit such offense.

(g) Accordingly, this Court orders that a preliminary order of forfeiture be entered forfeiting all right, title, and interest of defendant MOHAMED WORKU in seized funds in the amount of $1,848.22, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

(h) Pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, the United States requests that the terms and conditions of this preliminary order of forfeiture be made part of the sentence imposed against the defendant and recited in any judgment and commitment order entered in the case. In accordance with Rule 32.2(b)(4)(A), at sentencing – or at any time before sentencing if the defendant consents – the preliminary order of forfeiture, will become final as to the defendant. Pursuant to Rule 32.2(c), if a third party files a petition asserting an interest in the property to be forfeited, this Court must hold a hearing to determine his rights. Pursuant to Title 21, United States Code, Section 853(n)(2), as incorporated by Title 28, United States

Code, Section 2461(c), third parties have thirty days from the publication of notice or receipt of notice, whichever is earlier, to file a petition. The preliminary order of forfeiture will remain preliminary as to third parties until such an ancillary proceeding, if required, can be conducted under Rule 32.2(c). After disposition of all third-party interests, this Court shall, upon the government's motion if appropriate, enter a final order of forfeiture of the property that is the subject of this preliminary order of forfeiture, thereby vesting clear title in the United States of America.

(i) Pursuant to Title 21, United States Code, Section 853(g), as incorporated by Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2, the foregoing property of this order shall upon entry of this preliminary order of forfeiture be seized by the United States Marshals Service.

(j) This Court shall retain jurisdiction to take such additional action and enter such further orders as may be necessary to implement and enforce this preliminary forfeiture order.

MATTHEW F. KENNELLY
United States District Judge

DATED: 4/7/2025

3